UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JASON B. ROCHON                                        CIVIL ACTION

VERSUS                                                 NO: 08-5023

THE EQUITABLE LIFE                                     SECTION: "S" (4)
INSURANCE SOCIETY OF THE
UNITED STATES

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. #15) filed by The Equitable Life Insurance Society ("Equitable Life")[1] of the United States is **GRANTED**.

**BACKGROUND**

Plaintiff, Jason B. Rochon, ("Rochon") filed this action in Civil District Court for the Parish of Orleans, State of Louisiana on October 17, 2007. Defendant, Equitable Life, removed the action to the United States District Court for the Eastern District of Louisiana on November 26, 2008. In his petition, Rochon alleges that Equitable Life issued a disability insurance policy to him on November 3, 1997. Rochon alleges that he submitted a claim under that policy September 27, 1999,

---

[1] The Equitable Life Insurance Company is now known as AXA Equitable Life Insurance Company and was incorrectly identified in plaintiff's petition.

for a disabling mental illness the onset of which allegedly occurred on October 1, 1998. On December 30, 1999, Equitable Life denied Rochon's claim due to his alleged failure to disclose a prior mental illness. Rochon alleges that Equitable Life breached the insurance contract by wrongfully denying him benefits, because he disclosed his prior mental illness to Equitable Life's authorized insurance agent or, alternatively, his lack of disclosure was not made with the intent to deceive Equitable Life. Rochon seeks payment of insurance benefits retroactive to October 1, 1998, penalties under Louisiana Revised Statutes §22:1821, formerly §22:657, and attorneys fees.

Equitable Life filed this motion for summary judgment arguing that Rochon's claims for coverage are prescribed, because the policy provides a three-year prescriptive period. Equitable Life also argues that Rochon's claims under Louisiana Revised Statutes §22:1821 are prescribed pursuant to the statutory one-year prescriptive period. Rochon opposes the motion arguing that the prescriptive period in the policy is adhesionary and that his claims under Louisiana Revised Statutes §22:1821 are not prescribed because his disability is ongoing.

## LAW AND ARGUMENT

**1. Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The non-

movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary document to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

### 2. Rochon's Claims for Benefits Under the Policy

Equitable Life filed this motion for summary judgment arguing that Rochon's claims are prescribed. Equitable Life contends that the insurance policy at issue provides that a written proof of loss must be filed within 90 days after the end of the period for which the policyholder is claiming benefits and that a lawsuit must be brought within three years from the date when the written proof of loss is required.  Equitable Life argues that Rochon was required to file a written proof of loss by December 26, 1999 and bring his lawsuit by December 26, 2002.  Equitable Life contends that Rochon did not file his lawsuit until October 17, 2007, more than four-and-a-half years after the prescriptive period ended.

Rochon opposes the motion arguing that Equitable Life should not be permitted to simultaneously maintain the inconsistent position that the policy is void and that pursuant to the policy his claims are time barred.  Rochon also argues that the prescriptive period in the policy should be voided because it is adhesionary and that the ten-year prescriptive period for contracts should apply.

3

As Rochon points out, Equitable Life argues that the policy is void and, alternatively, that his claims are prescribed pursuant to the terms of the policy. However, such seemingly inconsistent alternative arguments are permitted by Rule 8 of the Federal Rules of Civil Procedure. Rule 8(d) provides in pertinent part that "[a] party may set out two or more statements of a claim or defense alternatively or hypothetically" and that "[a] party may state as many separate claims or defenses as it has, regardless of consistency." FED. R. CIV. P. 8(d)(2)-(3). Although Equitable Life's arguments that the policy is void or, alternatively, that Rochon's claims are prescribed thereunder seem inconsistent, Equitable Life is permitted by Rule 8 to assert both defenses. Indeed, Rochon asserts alternate claims in his petition when he state that either he disclosed his prior mental illness to Equitable Life's agent, or that his non-disclosure was not intended to deceive Equitable Life.

Rochon and Equitable Life entered into an insurance contract on November 3, 1997. The terms of a contract are the law between the parties and, subject to the limits imposed by law, parties are free to contract as they choose. LA. CIV. CODE art. 1983; Zeigler v. Pleasant Manor Nursing Home, 600 So.2d 819, 822 (La. App 3d Cir. 1992). In Louisiana, parties are generally permitted to contractually shorten the applicable prescriptive period, if such limitation does not contravene a state statute or public policy. Louisiana Health Serv. & Indem. Co. v. McNamara, 561 So.2d 712, 719 (La. 1990); see also Noland v. Sun Life Assurance Co. of Canada, 252 F.3d 436, *1 (5th Cir. 2001) (citing Sargent v. Louisiana Health Serv. & Indem. Co., 550 So.2d 843, 846 (La. App. 2 Cir. 1989)). Further, an insurer may limit its liability by unambiguous and clearly noticeable provisions and impose reasonable conditions upon the obligations it assumes. Sargent, 550 So.2d at 846 (internal

4

citations omitted). Clear and unambiguous insurance contract provisions that limit liability must be given effect.

Louisiana Revised Statutes §22:975, formerly §22:213, provides that health and accident insurance policies, such as Rochon's disability insurance policy, must contain certain provisions, or at the option of the insurer, provisions which are not less favorable to the policyholder. One provision required by section 22:975 is that the insured must furnish the insurer with a proof of loss within 90 days after the termination of the period for which the insurer is liable. LA. REV. STAT. ANN. §22:975(5) (2009). Another required policy provision is that no legal action "shall be brought to recover on [the] policy prior to the expiration of sixty days after the proofs of loss have been filed in accordance with the requirements of [the] policy [and] [n]o such action shall be brought after the expiration of one year after the time the proofs of loss are required to be filed." Id. at §22:975(11). Further, Louisiana Revised Statute §22:868(B), formerly §22:629, provides that an insurance policy cannot limit an insured's time to file suit on a first-party claim to less than two years after the loss.

Here, the insurance policy provides a prescriptive period that is more favorable to the insured than the one found in section 22:975 and does not contravene the limitation set by section 22:868(B). Equitable Life's policy provides that the insured must file suit within three years from the time that the proof of loss is required. The proof of loss is required 90 days after the termination of the period for which the insurer is allegedly liable. According to the policy, Rochon had three years and 90 days from the end of the period for which he claimed benefits to file suit, which is necessarily more than two years after the loss. Thus, the prescriptive period provided in Equitable Life's policy complies with Louisiana law.

Rochon filed a claim with Equitable Life on September 27, 1999, claiming benefits for the period October 1, 1998 to the present, or September 27, 1999. Rochon was required by the policy to file a written proof of loss with Equitable Life by December 26, 1999 and file his lawsuit by December 26, 2002. Rochon did not bring his legal action until October 17, 2007. As a result, Rochon's claims are prescribed.

Rochon's assertions that the prescriptive period in the insurance contract is adhesionary and that the ten-year prescriptive period for personal actions should apply do not change the analysis. Louisiana Civil Code article 3499 provides that "[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." Obviously, this statute conflicts with Louisiana Revised Statutes §22:975, which provides that health and accident insurance policies must contain a one year prescriptive period. When two statutes conflict, the one that is more specifically directed to the matter at issue prevails over the more general statute. Smith v. Cajun Insulation, Inc., 392 S.2d 398 (La. 1980). By its very terms, the general ten-year prescriptive period of Louisiana Civil Code article 3499 applies only in the absence of another statutes. Louisiana Revised Statue §22:975 is a more specific statute on this matter, so it prevails. Pursuant to section 22:975, the policy provides a three year prescriptive period, which is the applicable prescriptive period.

Further, the prescriptive period provided by the Equitable Life policy is not adhesionary. In Lewis v. Hamilton, 94-2204 (La. 4/10/95); 652 So.2d 1327, 1330, the Louisiana Supreme Court explained that the Civil Code articles and jurisprudence that mandate strict construction of adhesionary contracts are mainly designed to protect an unwary policyholder from the "fine print"

that may be inserted into insurance contracts by those with superior bargaining power. However, these concerns are absent here, because the prescriptive period in the Equitable Life policy is not the result of uneven bargaining power, but rather, it is required by Louisiana law. See LA. REV. STAT. ANN. §22:975. Indeed, the prescriptive period in Equitable Life's policy is more generous than the one provided by section 22:975.

### 3. Rochon's Claims for Penalties Under Louisiana Revised Statutes §22:1821

Equitable Life argues that Rochon's claims under Louisiana Revised Statutes §22:1821 are time barred because they are subject to a statutorily provided one-year prescriptive period. Rochon argues that his claims under Louisiana Revised Statutes §22:1821 are not prescribed. Specifically, he claims that, he seeks insurance benefits retroactively from October 1, 1998 to present and that he was not required to provide written proofs of loss for each period for which he claims benefits, because Equitable Life denied his initial claim.

Louisiana Revised Statutes §22:1821(E) provides that "[n]o action for the recovery of penalties or attorney fees provided in this Section shall be brought after the expiration of one year after the date proofs of loss are required to be filed." Here, the proof of loss was required 90 days after the end of the period for which the insurer is allegedly liable. Rochon made a claim for insurance benefits on September 27, 1999, for the period of October 1, 1998 to "the present," or September 27, 2009. His was required to furnish Equitable Life with a written proof of loss within 90 days of September 27, 2009, or by December 26, 1999. As a result, pursuant to section 22:1821(E) he was required to file his action for penalties and attorneys fees by December 26, 2000. Because Rochon did not file suit until October 17, 2007, his claims are prescribed.

7

Rochon's argument that his disability is continuing does not alter the analysis. Rochon argues that because the policy requires a written proof of loss be sent to Equitable Life within 90 days of each period for which he claims benefits, and because he has claimed benefits "to the present," the 90 day period continues. By Rochon's analysis, the 90 day period would continue indefinitely, regardless of his inaction. Equitable Life denied Rochon's claim on December 30, 1999. He has not shown that he did anything to pursue his claim or notify Equitble Life that he believed he had a continuing claim until October 17, 2007. Because eight years passed without any action from Rochon, his claims under section 22:1821 have prescribed.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. #15) filed by The Equitable Life Insurance Society of the United States is **GRANTED**.

**IT IS FURTHER ORDERED** that Rochon's suit is **DISMISSED**.

New Orleans, Louisiana, this  29th  day of December, 2009.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**